```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KELLY J. O'DONNELL,                     :    Civil Action No. _____
                                        :
                        Plaintiff,      :    COMPLAINT AND JURY DEMAND
                                        :
        -v.-                             :
                                        :
MEMORIAL SLOAN KETTERING,                :
                                        :
                        Defendant.       :
-------------------------------------------------------X
```

Plaintiff KELLY J. O'DONNELL, by and through her attorneys, LAW OFFICES OF SHELDON KARASIK, P.C., as and for her Complaint against Defendant MEMORIAL SLOAN KETTERING states as follows:

## THE PARTIES

1. Plaintiff KELLY J. O'DONNELL ("Plaintiff") is an individual residing in Greenville County, South Carolina.

2. Defendant MEMORIAL SLOAN KETTERING ("MSK") is a corporation organized pursuant to the laws of the State of New York duly registered to do business, and actively doing business, in the State of New York. and maintaining its corporate headquarters at 1275 York Avenue, New York, NY, 10065, County of New York.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is based upon 28 U.S.C. § 1331 as it involves a federal question pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"). This court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

4. Venue lies in this federal judicial district pursuant to 28 U.S.C. §1391(b)(1) in that Defendant resides in New York County as provided in 28 U.S.C. §1391(d).

## BACKGROUND

5. Plaintiff began employment at MSK in October, 2003 as a Radiotherapy Physicist. During her almost twenty year tenure, she provided yeoman services and consistently received highly favorable performance reviews. She initially worked at the Manhattan campus and subsequently transferred to the Long Island location.

6. Plaintiff was terminated from her employment on January 10, 2022, at which time her job title was Radiotherapy Physicist II.

7. In 2015, Plaintiff was diagnosed with and began treatment with a psychiatrist for, major depressive disorder and generalized anxiety disorder, all of which was exacerbated by job stress.

8. In 2018 she began working from home part of the work week at her psychiatrist's direction as part of her therapy; with MSK approval, she worked three days in the office and worked two days home due to her serious health conditions. Over the years, it became clear that Plaintiff's medical disability was made worse by the stress engendered by her physical presence in the workplace. Accordingly, Plaintiff requested and was granted in September, 2019 a medical exemption allowing for remote work on a full time basis.

9. Thus, for several years prior to her termination, indeed even as of the date of her termination, Plaintiff worked from home successfully (both in terms of job performance and health condition) due to MSK 's accommodation of her disability, which was supported by the medical documentation she continued to provide. The only exception to

her remote work was the three days a year she was on-site for continuing education training. In the spring of 2020 with the outbreak of covid, this onsite training was suspended.

10. On August 18, 2021, Plaintiff was hospitalized and out on sick leave. She was discharged from the hospital on August 24, 2021 and remained out on FMLA leave. On September 3, 2021, while still out on leave, she requested, again with a supporting letter from her physician, Dr. Vlay, an accommodation to eliminate her in-person attendance at continuing education training a couple of days a year after the on-site training requirement was reinstated. That request was denied. Nonetheless, she continued to have MSK's approval to work remotely full time due to her medical disability.

11. On or about August 16, 2021, MSK adopted a covid-19 vaccine mandate. Plaintiff was required, despite working remotely, to take the vaccine unless she obtained a religious or medical exemption. The submission deadline for exemption requests was September 7, 2021. Plaintiff began preparing a religious exemption request toward the end of August and finalized it on August 28th. However, on August 26, 2021 MSK eliminated the religious exemption it initially offered. For that reason, Plaintiff did not apply for a religious exemption by the September 7, 2021 deadline.

12. Hoping that MSK would change its mind and afford appropriate deference to and respect for the religious principles driving employees to seek exemptions, on September 23, 2021 Plaintiff submitted her application for a religious exemption from the vaccine. It was summarily denied the next day. Nonetheless, despite its draconian stance, as to such exemptions, MSK never entered into an interactive dialogue with Plaintiff nor took **any** measures to ascertain whether a reasonable accommodation of her religious beliefs could

be worked out. Defendant failed to undertake such an inquiry despite Plaintiff's willingness to use methods such as temperature testing, Covid testing, masking and social distancing to eliminate any unreasonable risk of virus transmission and requested reasonable accommodation on this basis. Indeed, since there was no change on MSK's part as to Plaintiff's ability and right to work remotely full time, and her continuing to do so, such accommodation measures were unnecessary, except presumably for the three days a year Plaintiff was requited to physically present at the hospital.

13.  On September 14, 2021, there was a suspension of the state mandate purportedly prohibiting religious exemptions from the covid-19 vaccine for the health care workers. MSK then said it would consider religious exemptions if submitted by September 7, 2021.

14.  Plaintiff applied for a religious exemption on September 23, 2021 with a detailed explanation of her religious beliefs and how they conflicted with the covid-19 vaccine. However, as noted above, her application was summarily denied on September 24, 2021. Since there was no reason for Plaintiff to submit the exemption request between August 26th and September 14th (the period during which religious exemptions were unavailable) at the very least, the period for submission should have been extended by 19 days, the time Plaintiff lost based on the elimination of the exemption. On that basis, her request was timely since it was submitted 16 days after the purported deadline for submission expired. Plaintiff intentionally waited to submit her request until New York State responded, as it was required to do by September 22nd, to the court's vaccine mandate suspension order. She submitted her request the next day.

15. Moreover, Plaintiff was terminated while on FMLA leave and while being permitted to continue working remotely upon her return to MSK.

16. Though Plaintiff provided all necessary documentation of her disability and her religious convictions, all her requests for accommodation were unreasonably refused and she was terminated despite the fact that it was agreed for years — e**ven as of the date of her termination** —that she was and could continue working remotely.

17. On January 6, 2022, Plaintiff met with her supervisors to discuss returning from her medical leave after she was cleared by her doctor to return to work. January 10th was her agreed return date.

18.  Instead of allowing her to recommence work on that date, she was unceremoniously fired for failure to vaccinate.

19. MSK never wavered from its position that Plaintiff could work remotely full time. MSK terminated Plaintiff despite their continued commitment to that arrangement. Moreover, MSK granted medical exemptions to other employees who were required, unlike Plaintiff, to continue to work onsite.

20. Defendant never actually attempted to undertake any form of accommodation of Plaintiff's religious beliefs and completely ignored the extant accommodation of her medical disability in effect at the date of her termination. Moreover, the healthcare mandate MSK stood behind as a basis for denying Plaintiff's religious exemption request was subsequently found to be unlawful.

21. On November 2, 2022, Plaintiff filed a charge of employment discrimination (Charge No. 520-2023-01169) against Defendant with the U.S. Equal Employment Opportunities Commission ("EEOC").  On January 27, 2023, EEOC issued a "right to

sue" letter to Plaintiff.  This action is filed pursuant thereto and within ninety days of Plaintiff's receipt of her right to sue letter.

<b><u>AND FOR A FIRST CAUSE OF ACTION</u></b><br><b>(Disability Discrimination - ADA)</b>

22.     Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

23.     Plaintiff is protected by the Americans with Disabilities Act from disability discrimination in her workplace. The ADA specifically provides "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. §12101. It provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112.

24.     Defendant is a "covered entity" pursuant to 42 U.S.C. §12111 that is subject to ADA jurisdiction because it is an "employer" as defined by the ADA, namely "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."

25.     Plaintiff is "disabled" within the meaning of  42 U.S.C. §12102, which defines disability as (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.

26. Plaintiff suffers from major depressive disorder and generalized anxiety disorder, which is a medical condition that constitutes a disability within the meaning of the ADA.

27. Defendant recognized Plaintiff's disability and granted work-from-home accommodations over the years prior to her termination.

28. Plaintiff was otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation and did so successfully.

29. Plaintiff suffered adverse action by being terminated from her employment due to her disability.

30. Defendant failed to reasonably accommodate Plaintiff's disability, as required by law.

31. Due to Defendant's willful violations of the ADA, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, lost of fringe benefits, punitive damages, damages for emotional distress, pre and post judgment interest and reasonable attorneys 'fees and costs of the action.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Religious Discrimination - Title VII)**

32. Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

33. Plaintiff is protected by Title VII of the Civil Rights Act of 1964 from discrimination in her workplace based on her religion. The statute provides that it is an unlawful employment practice "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2.

34.     Defendant is Plaintiff's employer pursuant to Title VII and is within the jurisdiction of the statute. The statute provides that "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. 42 U.S.C. §2000e.

35.     Plaintiff was subject to discrimination based on her religion from Defendant, which terminated her employment.

36.     Plaintiff was qualified for her position.

37.     Plaintiff suffered adverse action by being terminated from her employment due to her religion.

38.     Defendant failed to reasonably accommodate Plaintiff's religious beliefs, as required by law and was terminated under circumstances which were discriminatory in nature. Indeed, Defendant terminated Plaintiff while her remote work accommodation was in place, thus highlighting the wholly irrational and willfully discriminatory nature of its conduct.

39.     Due to Defendant's willful violations of Title VII, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, lost fringe benefits, damages for emotional distress, punitive damages, pre- and post-judgment interest and reasonable attorneys' fees and costs of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Disability Discrimination - New York State Human Rights Law)**

40.     Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

41.     Plaintiff is protected by the New York State Human Rights Law (New York Executive Law §290 et seq., the "NYSHRL") from disability discrimination in her workplace.  The statute provides that it is an unlawful employment practice "[f]or an employer or licensing agency, because of an individual's . . . disability . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." §296(1)(a).

      a. Defendant is Plaintiff's "employer" as defined by §292(5) in that it has more than four persons in its employ.

42.     Plaintiff is disabled within the meaning of the NYSHRL, which defines disability as "(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment." §292(21).

43.     Plaintiff suffers from major depressive disorder and generalized anxiety disorder, which is a medical condition that constitutes a disability within the meaning of the NYSHRL.

44.     Plaintiff was otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation and indeed did so quite successfully up to her date of termination.

45.     Plaintiff suffered adverse action by being terminated from her employment due to her disability.

46. Defendant failed to reasonably accommodate Plaintiff's disability, as required by law by terminating her for failing to vaccinate while at the same time it continued to permit her to work remotely full time.

47. Due to Defendant's willful violations of the NYSHRL, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, lost fringe benefits, emotional distress damages, punitive damages, pre- and post-judgment interest and reasonable attorneys 'fees and costs of the action.

**AND FOR A FOURTH CAUSE OF ACTION**
**(Religious Discrimination - New York State Human Rights Law)**

48. Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

49. Plaintiff is protected by the NYSHRL from discrimination based on her religion in her workplace.

50. The statute provides that "[i]t shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of obtaining or retaining employment, including opportunities for promotion, advancement or transfers, any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion." New York Executive Law §296(10).

51. Defendant is Plaintiff's "employer" as defined by §292(5) in that it has more than four persons in its employ.

52. Plaintiff was subject to adverse based on her religion from Defendant, which terminated her employment.

53. Plaintiff was qualified for her position.

54. Defendant failed to reasonably accommodate Plaintiff's religious beliefs, as required by law and terminated her under circumstances which were discriminatory in nature. In fact, Defendant did so while simultaneously permitting Plaintiff to continue working remotely.

55. Due to Defendant's willful violations of the NYSHRL, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, lost fringe benefits, emotional distress damages, punitive damages, reasonable attorneys 'fees and costs of the action and pre- and post-judgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Disability Discrimination - New York City Human Rights Law)

56. Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

57. Plaintiff is protected by the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101, *et seq.*, the "NYCHRL"), from disability discrimination in her workplace. *See* §8-107(1)(a).

58. Defendant is Plaintiff's "employer" as defined by *See* §8-102.

59. Plaintiff is disabled within the meaning of the NYCHRL. *See* §8-102.

60. Plaintiff suffers from major depressive disorder and generalized anxiety disorder, which is a medical condition that constitutes a disability within the meaning of the NYCHRL.

61. Plaintiff was otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation.

62. Plaintiff suffered adverse action by being terminated from her employment due to her disability.

63. Defendant failed to reasonably accommodate Plaintiff's disability, as required by law.

64. Due to Defendant's willful violations of the NYCHRL, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, lost fringe benefits, emotional distress damages, punitive damages, reasonable attorneys 'fees and costs of the action, and pre- and post-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Religious Discrimination - New York City Human Rights Law)**

65. Plaintiff repeats and re-alleges the foregoing allegations contained in the preceding paragraphs as if fully set forth herein.

66. Plaintiff is protected by the NYCHRL from discrimination based on her religion in her workplace. *See* §8-107(1)(a).

67. Defendant is Plaintiff's "employer" as defined by §8-102.

68. Plaintiff is disabled within the meaning of the NYCHRL. *See* §8-102.

69. Plaintiff was subjected to adverse action based on her religion from Defendant, which terminated her employment.

70. Plaintiff was qualified for her position.

71. Defendant failed to reasonably accommodate Plaintiff's religious beliefs, as required by law and terminated her under circumstances which were discriminatory in nature.

72. Due to Defendant's willful violations of the NYCHRL, Plaintiff was damaged and is entitled to recover compensatory damages, back and front pay, lost fringe benefits, emotional distress damages, punitive damages, reasonable attorneys 'fees and costs of the action and pre- and post-judgment interest.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief against Defendant:

A.  Enter judgment on the First Cause of Action declaring that Defendant has violated the anti-discrimination provisions of applicable law; declaring that Defendant's violations of the law were willful; enjoining future violations of the law by Defendant; awarding Plaintiff front and back pay; lost fringe benefits, awarding Plaintiff compensatory damages, including but not limited to damages for emotional pain and suffering; awarding Plaintiff punitive damages; awarding Plaintiff pre- and post-judgment interest; awarding Plaintiff reasonable attorneys 'fees and costs; and awarding such other and further relief as the Court deems just and proper.

B.  Enter judgment on the Second Cause of Action declaring that Defendant has violated the anti-discrimination provisions of applicable law; declaring that Defendant's violations of the law were willful; enjoining future violations of the law by Defendant; awarding Plaintiff front and back pay; lost fringe benefits; awarding Plaintiff compensatory damages, including but not limited to damages for emotional pain and suffering; awarding Plaintiff punitive damages; awarding Plaintiff pre- and post-judgment interest; awarding Plaintiff reasonable attorneys 'fees and costs; and awarding such other and further relief as the Court deems just and proper.

C.  Enter judgment on the Third Cause of Action declaring that Defendant has violated the anti-discrimination provisions of applicable law; declaring that Defendant's violations of the law were willful; enjoining future violations of the law by Defendant; awarding Plaintiff front and back pay; lost fringe benefits; awarding Plaintiff compensatory damages, including but not limited to damages for emotional pain and

suffering; awarding Plaintiff punitive damages; awarding Plaintiff pre- and post-judgment interest; awarding Plaintiff reasonable attorneys 'fees and costs; and awarding such other and further relief as the Court deems just and proper.

D.      Enter judgment on the Fourth Cause of Action declaring that Defendant has violated the anti-discrimination provisions of applicable law; declaring that Defendant's violations of the law were willful; enjoining future violations of the law by Defendant; awarding Plaintiff front and back pay; lost fringe benefits; awarding Plaintiff compensatory damages, including but not limited to damages for emotional pain and suffering; awarding Plaintiff punitive damages; awarding Plaintiff pre- and post-judgment interest; awarding Plaintiff reasonable attorneys 'fees and costs; and awarding such other and further relief as the Court deems just and proper.

E.      Enter judgment on the Fifth Cause of Action declaring that Defendant has violated the anti-discrimination provisions of applicable law; declaring that Defendant's violations of the law were willful; enjoining future violations of the law by Defendant; awarding Plaintiff front and back pay; lost fringe benefits; awarding Plaintiff compensatory damages, including but not limited to damages for emotional pain and suffering; awarding Plaintiff punitive damages; awarding Plaintiff pre- and post-judgment interest; awarding Plaintiff reasonable attorneys 'fees and costs; and awarding such other and further relief as the Court deems just and proper.

F.      Enter judgment on the Sixth Cause of Action declaring that Defendant has violated the anti-discrimination provisions of applicable law; declaring that Defendant's violations of the  law were willful; enjoining future violations of the law by Defendant; awarding Plaintiff front and back pay; lost fringe benefits; awarding Plaintiff

compensatory damages, including but not limited to damages for emotional pain and suffering; awarding Plaintiff punitive damages; awarding Plaintiff pre- and post-judgment interest; awarding Plaintiff reasonable attorneys 'fees and costs; and awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 19, 2023

LAW OFFICES OF SHELDON KARASIK, P.C.
Attorneys for Plaintiff

By: _____/s/ *Sheldon Karasik*_____
Sheldon Karasik (SK-4020)
244 Fifth Avenue
Suite Q249
New York, NY 10001
Direct Dial: (917) 587-8153
Email: Sheldon@karasiklawoffices.com