UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY J. O'DONNELL,

                Plaintiff,

-against-

MEMORIAL SLOAN KETTERING,

                Defendant.



No. 1:23-cv-03270-CM

**PROTECTIVE ORDER**

COLLEEN MCMAHON, United States District Judge:

    WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action, and the parties having stipulated to the following provisions;

    IT IS HEREBY ORDERED that any person subject to this Protective Order - including without limitation the Parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order - shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

   (a) Non-public personal information that may be designated "Confidential" includes, but is not limited to, confidential home addresses, medical records, financial records, educational records, demographic data, names of children, personnel records, such as performance reviews, payroll information, counseling or discipline records, or personally identifiable information, such as social security numbers or dates of birth.

   (b) Non-public business, commercial, or financial information that may be designated "Confidential" includes, but is not limited to, trade secrets, proprietary information, confidential safety records or reports, Defendant Memorial Sloan-Kettering Cancer Center's email records, clinical research or clinical trial information, such as participant information, audit information, or clinical trial numbers or identifiers; or

   (c) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion or page as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by

the reporter. During the 30-day period following the receipt of a deposition transcript, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person had previously produced without limitation should be designated as "Confidential", the producing person may so designate that portion by promptly notifying all Parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice.

6. No person subject to this Protective Order, other than the producing person, shall disclose any of the Confidential Discovery Material to any other person whomsoever, except to:

(a) the Parties to this action;

(b) Plaintiff O'Donnell's spouse, provided that Plaintiff O'Donnell will be liable for her spouse's disclosure of Confidential Discovery Material;

(c) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(d) outside vendors or service providers (such as independent copy-service providers and document-management consultants, graphic production services or other litigation support services) employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system, provided such person or entity has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(h) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(i) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    (j)  this Court and its staff; and

    (k)  any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

  7.  Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  8.  Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person and all other parties a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

  9.  Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party and all other parties a written notice stating with particularity the grounds for the request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

  10.  A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

  11.  Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

  12.  Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful

subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been designated as Confidential or sealed during pretrial proceedings.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information

subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

19. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

22. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

23. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

24. The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

25. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

26. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should

be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

27. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED.

/s/ *Sheldon Karasik*  
Counsel for Plaintiff  
Dated: September 18, 2023

/s/ *Terri L. Chase*  
Counsel for Defendant  
Dated: September 18, 2023

Dated:  
New York, New York

SO ORDERED.

COLLEEN MCMAHON  
United States District Judge

9-18-2023

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KELLY J. O'DONNELL,

                        Plaintiff,

    -against-

MEMORIAL SLOAN KETTERING,

                        Defendant.

No. 1:23-cv-03270-CM

**NON-DISCLOSURE AGREEMENT**

---

COLLEEN MCMAHON, United States District Judge:

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____